UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:20-CV-00601-DJH-CHL

**ERICKA PEACOCK JOHNSON ,**                                                                          **Plaintiff,**

**v.**

**EVOLENT HEALTH LLC ,**                                                                              **Defendant.**

**MEMORANDUM OPINION AND ORDER**

Before the Court is a motion for leave to seal filed by Defendant Evolent Health LLC ("Defendant"). (DN 49.) Plaintiff Ericka Peacock Johnson ("Plaintiff") has not filed a response and the time to do so has expired. (*See* DN 47, at PageID # 812.) Therefore, the motion is ripe for review.

**I.  LEGAL STANDARD**

Although the Sixth Circuit has long recognized a "strong presumption in favor of openness" regarding court records, there are certain interests that overcome this "strong presumption." *Rudd Equipment Co., Inc. v. John Deere Construction & Forestry Co.*, 834 F.3d 589, 593 (6th Cir. 2016) (citing *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1179 (6th Cir. 1983)). These interests include "certain privacy rights of participants or third parties, trade secrets, and national security." *Brown*, 710 F.2d at 1179. The party seeking to seal the records bears a "heavy" burden; simply showing that public disclosure of the information would, for instance, harm a company's reputation is insufficient. *Id.*; *Shane Grp. Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016). Instead, the moving party must show that it will suffer a "clearly defined and serious injury" if the judicial records are not sealed. *Shane*, 825 F.3d at 307.

In rendering a decision, the Court must articulate why the interests supporting nondisclosure are compelling, why the interests supporting public access are not as compelling, and why the scope of the seal is no broader than necessary. *Shane*, 825 F.3d at 306. Importantly, the presumption that the public has the right to access judicial records does not vanish simply because all parties in the case agree that certain records should be sealed. *Rudd*, 834 F.3d at 595 (noting that although the defendant did not object to the plaintiff's motion to seal, his lack of objection did not waive the public's First Amendment and common law right of access to court filings); *Shane*, 825 F.3d at 305 ("A court's obligation to keep its records open for public inspection is not conditioned on an objection from anybody.").

## II. DISCUSSION

In the motion, Defendant requests that the Court permanently seal portions of five exhibits filed in support of Plaintiff's response (DN 40) to Defendant's motion for summary judgment (DN 35).[1]  (DN 49, at PageID # 818.)  Accompanying its motion, Defendant filed redacted versions of the exhibits that conceal the information it seeks to remain confidential.  (DN 49-1; DN 49-2; DN 49-3; DN 49-4; DN 49-5.)  Below, the Court addresses whether Defendant's proposed redactions are proper.

### a. Information at Issue

The exhibits at issue are Exhibits 6, 9, 10, 11, and 13 to Plaintiff's response to Defendant's motion for summary judgment.  Exhibit 6 is Defendant's internal spreadsheet that "reflects changes to various employee positions or managers."  (DN 49, at PageID # 819.)  (*See* DN 44-1.)

---

[1] Plaintiff filed placeholder documents as attachments to her response in the location of the five exhibits "pending leave to file under seal." (DN 40-6; DN 40-9; DN 40-10; DN 40-11; DN 40-13) (emphasis removed). Subsequently, she separately filed the five exhibits under seal. (DN 44-2; DN 44-3; DN 44-4; DN 44-5; DN 44-6.) In this filing, she included a copy of her prior motion to seal, the Parties' confidentiality agreement, and a proposed order. (DN 44; DN 44-1; DN 44-7.) Neither Party requested that these documents be sealed, and the Court sees no basis for sealing them. Therefore, the Court will order that these documents be permanently unsealed.

Exhibit 9 is Defendant's internal maternity leave tracking spreadsheet that "includes the date [Defendant] was notified of the leave, the state in which the employee works, the employee's due date, the last day the employee worked, the birthdate, the expected return date, and FMLA eligibility, among other information." (*Id.*) Exhibits 10, 11, and 13 are Defendant's internal spreadsheets related to its reduction of force that "include information such as the employee name, the worker's manager, business title, location, and notes from department leaders of any feedback of a particular employee or position." (*Id.* at 820.) Defendant's proposed redactions to Exhibits 6, 10, 11, and 13 cover the names of individual employees listed on the spreadsheets. (DN 49-1, at PageID # 824; DN 49-3, at PageID # 877, 879–83, 885, 887–94; DN 49-4, at PageID # 897–904; DN 49-5, at PageID # 907, 909.) Pursuant to the Court's November 24, 2021 order, Defendant was permitted to replace the names listed on the pregnancy tracking spreadsheet with initials prior to producing the document to Plaintiff. (DN 45, at PageID # 804–05.) Here, Defendant's proposed redactions to Exhibit 9 cover the listed initials. (DN 49-2, at PageID # 827, 830, 833, 836, 839, 842, 845, 848, 851, 854, 857, 860, 863, 866, 869, 872.)

      b. **Analysis**

The Court finds that Defendant has established a compelling reason to redact the names and initials from the exhibits at issue. As Defendant notes, the identities of the employees listed on the spreadsheets correspond to other personal information listed on the spreadsheets, including "sensitive personal medical or leave information . . . , reasons for their termination, and any information regarding the employee provided by department leaders." (DN 49, at PageID # 819–20.) The personal health information of the like included in the pregnancy tracking spreadsheet is subject to statutory and regulatory protections. *See, e.g.*, 29 C.F.R. § 825.500(g) ("Records and documents relating to certifications, recertifications or medical histories of employees or

3

employees' family members, created for purposes of FMLA, shall be maintained as confidential medical records in separate files/records from the usual personnel files."). *See Thomas v. Nationwide Children's Hosp., Inc.*, No. 2:14-CV-1236, 2018 WL 1512908, at *5 (S.D. Ohio Mar. 27, 2018) (relying in part on HIPPA and state privacy law in sealing court filings that included medical information). This legal protection "is typically enough to overcome the presumption of access." *Shane*, 825 F.3d at 308. Additionally, the personal employment information contained in Exhibits 11 and 13, if disclosed, could also result in injury beyond mere reputational harm. For example, a subpar performance review could affect an individual's employment prospects. The interest in sealing is bolstered by the fact that many of the individuals identified on the spreadsheets are not parties to this action and were not involved with the facts giving rise to it. Indeed, the "privacy interests of innocent third parties should weigh heavily in a court's balancing equation." *Shane*, 825 F.3d at 308 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)).

Turning to the public interest in access to the information at issue, the Sixth Circuit has held that "the greater the public interest in the litigation's subject matter, the greater the showing necessary to overcome the presumption of access." *Shane Grp.*, 825 F.3d at 305. "The inverse is true, too. The lesser the public interest in the litigation's subject matter, the lesser the showing necessary to overcome the presumption of access." *Caudill Seed & Warehouse Co., Inc. v. Jarrow Formulas, Inc.*, No. 3:13-CV-82-CRS-CHL, 2017 WL 3220470, at *5 (W.D. Ky. July 28, 2017). This case involves a single instance of employment discrimination; it is not among "government regulation" cases or other types of cases that "involve issues crucial to the public." *Brown*, 710 F.2d at 1179. The Court acknowledges that transparency is most important at this stage of litigation, when the merits of the case are being decided. *Id.* at 305. *See Rudd Equip. Co., Inc. v. Volvo Constr. Equip. N. Am., LLC*, No. 3:19-CV-778-DJH-CHL, 2020 WL 6946577, at *3 (W.D.

Ky. Nov. 25, 2020) (public interest in access was "especially strong" for a document "offered in support of a motion for summary judgment, which will result in a ruling on the merits as a matter of law"). When documents are filed in support of a motion for summary judgment, "the public would have a substantial interest in knowing what evidence exists (or does not exist) that would show that [a defendant] engaged in [actionable] conduct." *Kentucky v. Marathon Petroleum Co. LP*, No. 3:15-CV-354-DJH, 2018 WL 3130945, at *6 (W.D. Ky. June 26, 2018). See *Rushford v. New Yorker Mag., Inc.*, 846 F.2d 249, 253 (4th Cir. 1988) (holding that documents filed in support of a motion for summary judgment in a civil case are entitled to a more rigorous standard); *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006) (same); *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir.2003) (same). However, that interest is mitigated here because the underlying brief does not quote or reference any of the information Defendant seeks to redact. (*See generally* DN 40.)

With the foregoing in mind, the Court finds that the balance of interests tilts in favor of redacting the information. The Court further finds that Defendant's requests are narrowly tailored because they cover only the personal identifying information in which it has established a legitimate privacy interest.

### III. ORDER

For the foregoing reasons,

IT IS HEREBY ORDERED as follows:

1. Defendant's motion to seal (DN 49) is **GRANTED**.

2. The Clerk of Court is directed to permanently seal the unredacted versions of Exhibits 6, 9, 10, 11, and 13 filed at DN 44-2, DN 44-3, DN 44-4, DN 44-5, and DN 44-6.

3. The Clerk of Court is directed to permanently unseal the documents filed at DN 44, DN 44-1, and DN 44-7.

4. The Clerk of Court is directed to replace the placeholder documents filed at DN 40-6, DN 40-9, DN 40-10, DN 40-11, and DN 40-13 with the redacted, unsealed exhibits filed at DN 49-1, DN 49-2, DN 49-3, DN 49-4, and DN 49-5.

Colin H Lindsay, Magistrate Judge
United States District Court

January 5, 2022

cc: Counsel of record